IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 4:17-cv-3126 |
| v. | ) ) | |
| LITTLE SQUIRTS CHILDCARE CENTER, LLC and KELLIE GALLAGHER d/b/a LITTLE SQUIRTS CHILDCARE CENTER, LLC | ) ) ) | |
| Defendants. | ) | |

COMPLAINT

Plaintiff brings this action under the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, to recover unpaid overtime compensation owing for Defendants' employees, and for an additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by section 16(c) of the Act, and by 28 U.S.C. § 1345.

II

Defendant Little Squirts Childcare Center, LLC is an inactive limited liability company with its principal place of business located at 17525 SW 25th Street, Martell, NE 68404 within the jurisdiction of this Court.

Defendant Kellie Gallagher d/b/a Little Squirts Childcare Center, LLC resides in Nebraska within the jurisdiction of this Court and is the owner of Defendant Little Squirts

Childcare Center, LLC and acts directly or indirectly in the interest of Defendant Little Squirts Childcare Center, LLC in relation to its employees.

III

The activities of Defendants referred to in paragraph II were, and are, related and performed through unified operation or common control for a common business purpose, and have, since at least June 20, 2016, constituted an enterprise within the meaning of section 3(r) of the Act.

IV

Said enterprise has had employees engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the Act, 29 U.S.C. § 203(s)(1)(B), in that it has been engaged in the operation of a preschool.

V

Defendants have violated the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since June 20, 2016 without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VI

Defendants, employers subject to the provisions of the Act, have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that since June 20, 2016 Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act

in that the records kept by Defendants failed to show, among other things, the hours worked each work day and each workweek with respect to certain of Defendants' employees.

## VII

As a result of the violations alleged in paragraphs V & VI above, amounts are owing for certain present and former employees listed in the attached Appendix A for the period of June 20, 2016 to April 30, 2017. Inasmuch as the violations continued past April 30, 2017, additional amounts have accrued for certain of these employees and for employees who are presently unknown to Plaintiff in amounts presently unknown to Plaintiff.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays for judgment, pursuant to section 16(c) of the Act, against Defendants for overtime compensation that may be found by the Court to be due under the Act to certain current and former employees of Defendants named in Appendix A, together with an equal additional amount as liquidated damages, for the period June 20, 2016 to April 30, 2017, and in such further amounts as the Court may find due after April 30, 2017 together with an equal additional amount as liquidated damages.

Should the Court decline to award said liquidated damages, Plaintiff further demands the award of interest on said unpaid overtime compensation from the date said unpaid overtime compensation became due, until date of judgment.

Plaintiff further prays for such other relief as the Court may find due, including an order that Defendants be required to locate affected employees and distribute any

amounts found to be due to affected employees as the result of the violations alleged in paragraphs V & VI hereof.

Plaintiff further prays for the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action.

                Nicholas C. Geale
                Acting Solicitor of Labor

                Christine Z. Heri
                Regional Solicitor

                H. Alice Jacks
                Associate Regional Solicitor
                MO Bar # 24482

                <u>/s/ Laura M. O'Reilly</u>
                Laura M. O'Reilly
                Trial Attorney
                MO Bar #65294
                KS Bar #25856
                Two Pershing Square Building
                2300 Main Street, Suite 1020
                Kansas City, MO 64108
                (816) 285-7260
                (816) 285-7287 (fax)
                o'reilly.laura.m@dol.gov

                U.S. Department of Labor

                Attorneys for Plaintiff