IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

R. ALEXANDER ACOSTA,             )
SECRETARY OF LABOR,           )
UNITED STATES DEPARTMENT OF LABOR,  )
             Plaintiff,    )    CIVIL ACTION FILE
                             )    NO. 4:17-cv-3126
      v.                      )
                             )
LITTLE SQUIRTS CHILDCARE CENTER, LLC  )
and KELLIE GALLAGHER d/b/a LITTLE    )
SQUIRTS CHILDCARE CENTER, LLC      )
             Defendants.   )

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:  Laura O'Reilly, counsel for Plaintiff, and Joy Shiffermiller, counsel for Defendants.

The parties discussed the case and jointly make the following report:

**I.**    **INITIAL MATTERS:**

    A.    <u>Jurisdiction and Venue</u>:  The defendant

        \_\_\_\_\_ does

        <u>X</u>\_\_\_\_ does not

        contest jurisdiction and/or venue.  If contested, such position is because:

        1)    Jurisdiction:_____

        2)    Venue:_____

    B.    <u>Immunity</u>:  The defendant

        \_\_\_\_\_ has raised

        \_\_\_\_\_ will raise

        <u>X</u>\_\_\_\_will not raise

an immunity defense based on_____.

C.    If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so, state (i) the earliest a motion to dismiss or transfer will be filed, and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion. _____

D.    Rule 11 Certification:  As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered).

## II.    CLAIMS AND DEFENSES:

A.    <u>Plaintiff's Claims, Elements</u>: The elements of the plaintiff's claims and the elements disputed by defendant are as follows.  For each claim, list and number each substantive element of proof. (DO NOT repeat boilerplate allegations from pleadings):

1)    **CLAIM ONE:** Defendants violated section 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 <u>et</u> <u>seq</u>) ("FLSA") by employing certain employees for workweeks longer than 40 hours since June 20, 2016 without compensating said employees at rates not less than one and one-half times the regular rates at which they were employed for hours worked in excess of 40 hours per week.

**Elements:**

a.    Defendants Little Squirts Childcare Center, LLC and Kellie Gallagher d/b/a Little Squirts Childcare Center, LLC are employers who perform related activities through unified operation or common control for a common business purpose constituting an enterprise within the meaning of section 3(r) of the FLSA

b.    This enterprise is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the FLSA in that it operates a preschool

c.    Certain individuals were employed by Defendants in this enterprise who worked more than 40 hours in a workweek

2

      d.    Defendants failed to pay employees overtime pay for all hours worked by them in excess of 40 hours in one or more workweeks

Of these elements, defendant disputes the following: Elements b, c, & d.

    2)    **CLAIM TWO:** Defendants violated section 11(c) and 15(a)(5) of the FLSA by failing to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations promulgated pursuant to Section 11(c) of the FLSA.

    **Elements:**

    a.    Defendants Little Squirts Childcare Center, LLC and Kellie Gallagher d/b/a Little Squirts Childcare Center, LLC are employers who perform related activities through unified operation or common control for a common business purpose constituting an enterprise within the meaning of section 3(r) of the FLSA

    b.    This enterprise is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the FLSA in that it operates a preschool

    c.    Certain individuals were employed by Defendants in this enterprise

    d.    Defendants have failed to make, keep, and preserve adequate and accurate records of the hours worked each work day and each workweek by each of Defendants' employees

Of these elements, defendant disputes the following: b&d.

Defenses.  The elements of the affirmative defenses raised by the pleadings are as follows.  List each affirmative defense raised or expected to be raised by the defendant(s), and the substantive elements of proof.  (DO NOT repeat boilerplate allegations from pleadings or deny matters on which the plaintiff has the burden of proof):

    1)    **DEFENSE ONE:** Statute of Limitations

Elements: To the extent Plaintiff's claim recovery for amounts which accrued longer than two years before the filing of the lawsuit, the Plaintiff's are precluded from claiming those amounts pursuant to 29 USC § 255.

Of these elements, the plaintiff disputes the following: All elements of this defense.

2)  **DEFENSE TWO:** Non Wilfull.

Elements:  Plaintiff's are not entitled to liquidated damages as any non-payment, (which nonpayment is specifically denied,) was not willful on their part.

Of these elements, the plaintiff disputes the following: All elements of this defense.

**III.    SETTLEMENT:**

Counsel  state:

_____ There have been no efforts taken yet to resolve this dispute.

_____This dispute has been the subject of efforts to resolve it

_____ prior to filing in court.

X_____ after court filing, but before the filing of this report.

The parties have discussed the potential for settlement and are hopeful a settlement can be reached. The parties anticipate having more detailed settlement discussions after the exchange of their initial disclosures.

_____ Counsel have discussed the court's Mediation Plan and its possible application in this case with clients and opposing counsel.

_____ Mediation will be appropriate in this case at some point.

_____ Mediation will not be appropriate because _____.

X_____ Counsel for Defendants and Plaintiff believe that with further efforts between the parties, the case can be settled.  The parties will be prepared to continue settlement discussions soon. The parties are hopeful that they can reach a settlement without incurring the cost of mediation.

4

IV.    **CASE PROGRESSION:**

A.    Do any of the parties believe an initial planning conference would be beneficial and/or should be held before a final scheduling order is entered? <u>No.</u>

Explain: The parties are in agreement as to the deadlines contained in the Report and do not believe that a scheduling and planning conference is necessary at this time.

B.    Mandatory disclosures required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses

<u>X    </u>have been completed by Plaintiff on January 31, 2018.

<u>X    </u>will be completed by Defendants by February 28, 2018.

C.    Motions to amend the pleadings or to add parties.

1)    The plaintiff

_____ does

<u>X    </u> does not

anticipate need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by April 27, 2018.

2)    The defendant

_____ does

<u>X    </u> does not

anticipate need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by April 27, 2018.

If more than ninety days are needed, state the reason(s) why such time is necessary.

D.    Experts.

5

1)    If expert witnesses are expected to testify at the trial, counsel agree to at least **__identify__** such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by Plaintiff on May 21, 2018 and by Defendants on June 5, 2018.

2)    Experts and, unless otherwise agreed, expert **__reports__** shall be served by Plaintiff on June 8, 2018 and by Defendants on June 25, 2018. **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

3)    Motions to exclude expert testimony on *Daubert* and related grounds will be filed no later than 60 days prior to trial.

E.    Discovery.

1)    Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by July 6, 2018.

2)    Depositions, whether or not they are intended to be used at trial, will be completed by July 13, 2018.

3)    Agreed Discovery Procedures:

a.    <u>Unique Circumstances</u>. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming: <u>N/A</u>

b.    <u>Electronic Discovery Provisions</u>:  Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

(i)    The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

(ii)    The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

(iii)    The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

(iv)     Whether reasonable measures have been implemented to preserve such data;

(v)      The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

(vi)     The form and method of notice of the duty to preserve;

(vii)    Mechanisms for monitoring, certifying, or auditing custodial compliance;

(viii)   Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

(ix)     Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

(x)      The anticipated costs of preserving these materials and how such costs should be allocated; and

(xi)     The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

X_____No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

_____ As to electronically stored information, the following provisions will be followed by the parties: _____.

c.      Privileged and/or confidential communications and information.

**General practice**: Under the court's general practice, if any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including  (a) the general nature of the document; (b) the identity

7

and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.  The non-producing party may move to compel documents identified on the privilege log.  The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

**Special provisions**.    To facilitate an early, efficient, and expeditious resolution of discovery issues which may arise related to documents withheld on the basis of alleged privilege or confidentiality, the parties shall discuss and consider:

(i)    Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly confidential information;

(ii)    Whether reasonable date ranges should be established after which privilege log entries for privileged or confidential information need not be made; and

(iii)    As contemplated by Rule 502(e) of the Federal Rules of Evidence, the need for and terms of any agreement regarding disclosure of privileged attorney-client communications or confidential work product, and whether the parties will seek court approval of any such agreement.

The parties agree that:



X_____ No special provisions are needed regarding discovery of allegedly confidential information.  If such issues arise, they will be resolved in accordance with the court's general practice.

_____   In addition to, or in lieu of the court's general practice for asserting confidentiality claims and resolving disputes over nondisclosure of allegedly confidential information, the parties agree the following provisions will be followed:  _____.

d.    The maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is 25.

8

e.    The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

f.    Depositions will be limited by Rule 30(d)(1), except the depositions of _____, which by agreement shall be limited as follows: No exceptions are necessary.

g.    The parties stipulate that they will be required to give at least 10 days' notice of their intention to serve records/documents or subpoenas on third parties prior to issuance.  See NECivR 45.1

h.    Other special discovery provisions agreed to by the parties include: __.

F.    The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment): Defendants assert: Whether the Defendant is an enterprise is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the FLSA .
Motions to dismiss and/or for summary judgment will be filed by July 27, 2018.

G.    Other matters to which the parties stipulate and/or which the court should know or consider:

H.    Consent to Trial Before Magistrate Judge.

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals.  If the parties do not presently consent, they may do so at a later time and the case will remain with the assigned United States District Judge or, if not previously assigned, will be randomly assigned to a United States District Judge.

X_____ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct any and all further proceedings in this case including the trial, and order the entry of final judgment.

_____ All parties do not consent at this time.

I.    Trial date.

9

1)   Jury Trial:

    a.   _____ No party has timely demanded a jury trial.

    b.   <u>X</u>____ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

    c.   _____ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available in this case. A motion to strike the <u>(plaintiff's/defendant's)</u> demand for jury trial will be filed no later than _____.

    d.   _____ Having previously demanded a jury trial, the plaintiff now waives jury trial. The defendant will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

    e.   _____ Having previously demanded a jury trial, the defendant now waives jury trial. The plaintiff will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

2)   This case will be ready for trial before the court by: <u>October 2018</u>. If more than eight months are required, state the special problems or circumstances that necessitate that much time for trial preparation.

3)   The estimated length of trial is 3 days.

Dated: February 7, 2018

    Kate S. O'Scannlain
    Solicitor of Labor

    Christine Z. Heri
    Regional Solicitor

    H. Alice Jacks
    Associate Regional Solicitor

    <u>/s/ Laura O'Reilly</u>                           <u>s/ Joy Shiffermiller</u>

Laura M. O'Reilly                          Joy Shiffermiller, #18164
Trial Attorney                             Shiffermiller Law Office PC LLO
MO Bar #65294                              1003 G Street
KS Bar #25856                              Lincoln, NE 68508
Two Pershing Square Building               (402) 484-7700
2300 Main Street, Suite 1020               (402) 484-7714
Kansas City, MO 64108                      joy@shiffermillerlaw.com
(816) 285-7260
(816) 285-7287 (fax)                       Attorney for Defendants
o'reilly.laura.m@dol.gov

U.S. Department of Labor
Attorneys for Plaintiff


CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joy Shiffermiller
Shiffermiller Law Office PC LLO
1002 G Street
Lincoln, NE 68508
(402) 484-7700
(402) 484-7714 (fax)
joy@shiffermillerlaw.com


/s/ Laura O'Reilly

11